(72 Misc. Rep. 462)

STEIGER v. LONDON et al.

(Supreme Court, Appellate Term.   February 4, 1907.)

COURTS—JURISDICTION—CITY COURTS—MECHANIC'S LIEN—AMOUNT INVOLVED.
   Under Code Civ. Proc. § 315 (2), giving the city court jurisdiction in an action to foreclose a mechanic's lien, but not specifying any monetary limitation; section 3399, providing that a mechanic's lien may be enforced by an action in a court having jurisdiction in an action on a contract for a sum equivalent to the amount of such debt; and section 316 (1), providing that in an action for money only, in the City Court, the amount of the judgment cannot exceed $2,000—such court has not jurisdiction to cancel a mechanic's lien for more than $2,000.

Appeal from City Court of New York, Special Term.

In the matter of the mechanic's lien of Ferdinand Steiger against Julius London and another.   From an order, Steiger appeals.   Reversed.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

Louis O. Van Doren, for appellant.

Johnston & Johnston (Edward W. S. Johnston, of counsel), for respondents.

GILDERSLEEVE, J.   This is an appeal by a lienor from an order overruling the said lienor's objection to the jurisdiction of the City Court and approving an undertaking given to discharge a lien and directing the canceling of the lien.   The lien was for $7,300, and the amount of the undertaking $8,000.   No action on the lien has been commenced.

Section 315, subd. 2, of the Code of Civil Procedure, gives the City Court jurisdiction in an action to foreclose or enforce a lien for labor and materials upon real property, without specifying any monetary limitation.   Section 3399, however, provides that a mechanic's lien may be enforced by an action "in a court which has jurisdiction in an action founded on a contract for a sum of money equivalent to the amount of such debt."   Section 316, subd. 1, of the Code of Civil Procedure, provides that in an action for a sum of money only, in the City Court, the amount of the judgment cannot exceed $2,000, exclusive of interest and costs, except where the action is brought on a bond or undertaking given in an action or special proceeding in the same court, or before a justice thereof, or for breach of promise of marriage, or where it is a marine cause referred to in section 317.   The Code also limits the jurisdiction of the City Court to $2,000 in an action to recover chattels, or to foreclose a lien on chattels, or where judgment is entered on confession; but nowhere is any limit specifically fixed in an action to foreclose a mechanic's lien, except as it is in section 3399, above quoted.   The City Court is an inferior court, with no inherent powers, and depends entirely upon statutory permission in assuming jurisdiction, and the facts necessary to its jurisdiction will not be presumed, but must be made to appear affirmatively.   McCann v. Gerding, 29 Misc. Rep. 283, 60 N. Y. Supp. 467; Frees v. Blyth (Sup.) 91 N. Y. Supp. 103.   The statute (section 316 of the Code) limits its jurisdiction, as we have seen, to $2,000 in an action for a sum of money, which

limit is extended inferentially to actions to enforce a mechanic's lien by section 3399 of the Code, and nowhere is power conferred upon it to cancel a mechanic's lien for a sum in excess of this statutory limit.

We conclude, therefore, that the court was without jurisdiction in making the order in question, which is reversed, with $10 costs and disbursements. All concur.

